**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 4, 2006**

**TENTH CIRCUIT**

GERALD L. COTTEN,

Petitioner-Appellant,

v.

RON WARD,

Respondent-Appellee.

No. 06-6038

(D.C. No. 05-CV-392-R)

(W. D. Okla.)

**ORDER**

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

Appellant is a state prisoner, appearing pro se, seeking habeas relief pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Oklahoma Department of Corrections incarcerated in the Great Plains Correctional Facility. In this action, Appellant is challenging the result of a disciplinary hearing held on August 19, 2004. Appellant was found guilty of Individual Disruptive Behavior (which consisted of possessing another inmate's property) in violation of Rule 02-26, and as a result of his conviction, Appellant lost sixty days of earned credit and was reassigned to Level I for forty-five days. Appellant's conviction, which he appealed, was affirmed by facility head and the Director's Designee.

Appellant contends that prison officials violated his due process rights by

punishing him "without evidence" that he was guilty of the rule infraction with which he had been charged. Alternatively, he argues that the rule he was convicted of violating is "too ambiguous to provide 'fair notice' to inmates of what conduct is actually forbidden." Appellant also claims that prison authorities violated his First Amendment rights by instituting a policy which prohibits inmate legal assistants from working on another inmate's legal issues outside the library.

While Oklahoma inmates have a liberty interest in earned good-time credits, and consequently Appellant is entitled to due process protection, we agree with the district court that he received the due process he was due. The magistrate judge made a thorough recitation of the evidence presented against Appellant during his disciplinary proceeding. *See* Report and Recommendation, 3-4 (W.D. Okla. July 26, 2005). As the district court stated, Rule 02-26 "is sufficiently clear and unambiguous to provide fair notice to inmates of what conduct is prohibited[:] Possession of property belonging to another person." Order, 4 (W.D. Okla. Dec. 28, 2005). Appellant was convicted of possessing property belonging to another inmate, to which he admitted.

As to Appellant's First Amendment claim, the district court, agreeing with the magistrate judge, determined "that this claim challenges the conditions of his confinement, and thus should be properly raised in a civil rights proceeding under Title 42 U.S.C. § 1983 after exhaustion of administrative remedies. This claim does not state a cognizable ground for habeas corpus relief." Order, at 4. We are

in accord with the district court's reasoning.

Appellant now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the magistrate judge's recommendations, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge in the Report and Recommendation of July 26, 2005, and the district court's order of December 28, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

Accordingly, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We deny Appellant's motion to proceed

in forma pauperis and remind him of his obligation to pay the filing fee.

Entered for the Court


Monroe G. McKay
Circuit Judge